IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLE HAWKINS, | No. 4:23-CV-01869 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| MARTIN DRAGOVICH, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

JANUARY 5, 2024

Plaintiff Nichole Hawkins is currently incarcerated at the State Correctional Institution in Cambridge Springs, Pennsylvania. Hawkins filed the instant *pro se* Section 1983[1] action against numerous Pennsylvania officials. Hawkins' complaint, however, fails to state a claim upon which relief may be granted, so the Court will dismiss it pursuant to 28 U.S.C. § 1915A(b)(1) but will grant her leave to amend.

I.  STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[2] One

---

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

[2] *See* 28 U.S.C. § 1915A(a).

basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"[3]  This language closely tracks Federal Rule of Civil Procedure 12(b)(6).  Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[4]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[5]  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[6]  In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[7]

---

[3] *Id.* § 1915A(b)(1).
[4] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).
[5] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[6] *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).
[7] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[8] At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[9] Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[10] Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[11] Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12]

Because Hawkins proceeds *pro se*, her pleadings are to be liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[13] This is particularly true when the *pro se* litigant, like Hawkins, is incarcerated.[14]

## II.   DISCUSSION

Hawkins' complaint is long on named Defendants but short on substance. She sues 15 state officials (six identified in her three-page "complaint"[15] and

---

[8]   *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).
[9]   *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).
[10]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[11]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[12]  *Iqbal*, 556 U.S. at 681.
[13]  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).
[14]  *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).
[15]  *See* Doc. 1 at 2-3.

another nine identified in her attachments[16]), but it is anyone's guess as to the basis of her lawsuit. Hawkins states that she "brings before the court" a claim of "supervisory acquience [sic] on behalf of each named defendant,"[17] and "also brings forth" claims for "defamation of character, psychological intention [sic] abuse, intentional infliction [of] emotional distress[, and] mail tampering."[18] There are, however, no factual allegations in the complaint that discuss or support any of these federal or state-law claims.

### A.   Insufficiency of Hawkins' Complaint

The Court need not expend significant time and resources on screening Hawkins' complaint. Her pleading contains only legal conclusions, which are not entitled to the assumption of truth and may be disregarded.[19] At best, Hawkins' filing can be construed as asserting that 15 identified Defendants "acquiesced" in some unknown constitutional violation and also committed several state-law torts. Such a pleading, which lacks any factual allegations whatsoever, is clearly deficient and must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

---

[16]   *See* Docs. 1-2 through 1-12.
[17]   Doc. 1 at 1.
[18]   *Id.*
[19]   *Connelly*, 809 F.3d at 787.

Hawkins did include multiple attachments with her complaint.[20]  Some of those attachments contain prison grievances,[21] which may provide some insight into what claim or claims Hawkins is attempting to assert.  But the Court declines to piece together potential legal claims from Hawkins' attachments.  Instead, Hawkins must file a complaint that complies with the Federal Rules of Civil Procedure and sets forth, among other things, "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that [she] is entitled to relief," and "a demand for the relief sought."[22]

Additionally, the Court admonishes Hawkins that, pursuant to Federal Rule of Civil Procedure 20(a)(2), she may not join multiple defendants in a single complaint without a proper basis for joinder.  In other words, unless Hawkins' unspecified claims are part of the "same transaction, occurrence, or series of transactions or occurrences," or there is a "question of law or fact common to all defendants,"[23] Hawkins cannot permissively join 15 defendants together in one civil action.  And even a cursory review of Hawkins' attachments reveals that she

---

[20]  *See generally* Docs. 1-2 through 1-14.
[21]  *See* Doc. 1-3 at 2; Doc. 1-7 at 2-5; Doc. 1-8 at 2-3; Doc. 1-9 at 2-4; Doc 1-11 at 2-3; Doc. 1-12 at 2.
[22]  FED. R. CIV. P. 8(a).
[23]  FED. R. CIV. P. 20(a)(2).

is suing different defendants for different alleged legal violations that have little or no relation to each other.[24] This Hawkins cannot do.[25]

## B. Leave to Amend

Generally, "*in forma pauperis* plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."[26] Leave to amend will be granted in the event that Hawkins can plead facts that would plausibly state a Section 1983 claim against an appropriate defendant. Hawkins is admonished that she must adhere to the Federal Rules of Civil Procedure when filing her amended complaint, and failure to do so will result in dismissal of this case with prejudice. She is further admonished that she may not include unrelated claims against different defendants in a single complaint, as this violates Federal Rule of Civil Procedure 20(a)(2).

## III. CONCLUSION

Based on the foregoing, the Court will dismiss Hawkins' complaint pursuant to 28 U.S.C. § 1915A(b)(1) because it fails to state a claim upon which relief may

---

[24] *See, e.g.*, Doc. 1-3 at 2; Doc. 1-7 at 2-5; Doc. 1-8 at 2-3; Doc. 1-9 at 2-4; Doc 1-11 at 2-3; Doc. 1-12 at 2.
[25] *See id.*; *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (explaining that "[u]nrelated claims against different defendants belong in different suits" not only to prevent confusion but also to ensure that prisoners pay the required filing fees under the PLRA); *Redding v. Bilinski*, No. 3:15-cv-1047, 2015 WL 3710842, at *1-2 (M.D. Pa. June 12, 2015) (same).
[26] *Grayson*, 293 F.3d at 114.

be granted. Hawkins, if she is able, may file an amended complaint in accordance with this Memorandum. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge